Date signed June 12, 2009



PAUL MANNES
U. S. BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at Greenbelt

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| DENNIS JAMES JIMMINK | : | Case No. 08-26442PM |
| | : | Chapter 7 |
|     Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| BONNIE MOORE | : | |
|     Plaintiff | : | |
| vs. | : | Adversary No. 09-0162PM |
| | : | |
| DENNIS JAMES JIMMINK | : | |
| | : | |
|     Defendant | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is the Defendant's Amended Motion to Vacate Order of Default. This matter came before the court for hearing. Despite the fact that the court accepts unqualifiedly the statement of counsel for the Plaintiff that he personally mailed the Summons and Notice of Pre-Trial Conference and the Complaint on March 19, 2009, to the Debtor and his attorney, and the further fact that the Debtor and counsel admittedly had notice of the law suit well within the time to file an answer to the Complaint, the court will, in the exercise of its discretion, allow this case to go forward for trial on the merits. Nevertheless, the court has observations concerning the pleadings filed by bankruptcy counsel's partner in state court and remarks made by the Debtor's counsel in the course of the argument.

First, the 3-day notice period described in Fed. R. Civ. P. 55(b)(2) relied upon by counsel in her argument has no application to this adversary proceeding in that neither counsel nor the Defendant entered an appearance prior to the Motion for Default.  Further, it may be noted from her Statement filed pursuant to Fed. R. Bankr. P. 2016(b) in the main bankruptcy case that counsel expressly eliminated representation of the Debtor in adversary proceedings as being within the scope of her representation.

Next, the Defendant's Answer[1] filed in the Circuit Court for Prince George's County, Maryland, Case No. CAL 08-28966, filed by bankruptcy counsel's partner in the firm of Walsh, Becker, Moody & Rice contains serious misstatements of fact and law that appear designed to mislead the Circuit Court Judge.

Paragraph 1a. avers that the automatic stay of § 362(a) of the Bankruptcy Code is in effect, presumably barring the continuation of the action.  However, as known to the Defendant and his counsel, this court entered an Order Modifying Automatic Stay on February 10, 2009, so as to allow resolution by the Circuit Court of all matters in the action now pending between the parties, including those in respect to the division of their property.  The court further stated that nothing in the Order may be considered a finding of the enforceability or not of an agreement for arbitration of marital issues.

Counsel avers in Paragraph 1b. of the state court pleading that the obligations upon him contained in the *Pendente Lite* Order are completely discharged.  Those obligations appear to fit in the category of domestic support obligations and therefore would be excluded from discharge under § 523(a)(5) of the Bankruptcy Code. Whether the arbitrator's order was valid was left for the state court to determine.

Paragraph 1c. of the Answer states that all issues have been determined by the Bankruptcy Court when the fact is that all the court did was modify the automatic stay to allow the resolution of all disputes between the parties to proceed in the state court.

Likewise, Paragraph 1d. of the Answer contains a misstatement in that nothing would prevent the state court in the exercise of its jurisdiction to create a new obligation on the Defendant's part to pay to the Plaintiff his share of the debts owed jointly, even though his legal obligation to repay third parties may have been discharged.  Hold-harmless obligations are often

---

[1] A copy of this pleading is attached to Defendant's Motion to Vacate. (#8-3)

found to be domestic support obligations. *See In re Westerfield*, 403 B.R. 545 (BC W.D. Tenn. 2009).

Statements in Paragraph 8 that the Plaintiff's actions are in violation of the Debtor's discharge are wholly without merit.

An appropriate Order will be entered.

cc:
Jonathan P. Morgan, 414 Hungerford Drive, Suite 252, Rockville, MD 20850
L. Jeanette Rice, Esq., 14300 Gallant Fox Lane, Suite 218, Bowie, MD 20715
Gary A. Rosen, Trustee, One Church Street, Suite 802, Rockville, MD 20850
Dennis James Jimmink, P.O. Box 1016, Beltsville, MD 20705
Circuit Court for Prince George's County, Maryland (Case No. CAL 08-28966)

**End of Memorandum**